Mary (Rollo) RILEY, Appellant,

v.

David ROLLO, Respondent.

No. WD 50957.

Missouri Court of Appeals,
Western District.

Jan. 16, 1996.

Randall D. Crawford, Koelling & Crawford, P.C., Kansas City, for appellant.

Richard E. Rose, Grounds, Rose & Emke, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Mary Riley appeals from the trial court's finding that a change of circumstances so substantial and continuing as to require modification of child support awarded in the decree of dissolution was not demonstrated.

Judgment is affirmed.

■ Mary K. Riley (Rollo) and David Rollo were divorced October 13, 1992. The parties signed a property settlement agreement which was subsequently approved by the Court and incorporated into the Decree of Dissolution. As part of the agreement, the parties were to have joint legal custody of the sole minor child born of the union with Ms. Riley as the primary custodial parent. Mr. Rollo was granted specific visitation with the child including five full weeks between the months of September and May and temporary custody during June, July, and August of each year. Ms. Riley was to have visitation every other weekend during the time the child was in Mr. Rollo's actual custody.

At the time of the divorce, Form 14 calculation presumed child support in the amount of $598.00 per month. However, the parties

agreed in the separation agreement to a $400.00 per month child support payment by Mr. Rollo. The agreement was incorporated into the decree. The decree stated that deviation from the guidelines was because the child would be in Mr. Rollo's custody three months out of the year, and Mr. Rollo would be carrying health insurance covering the child.

Ms. Riley filed a motion to modify on October 23, 1993, seeking to modify the joint custody plan. She then filed an amended motion adding a second count seeking modification of child support. Prior to trial the parties agreed to the modification of the visitation terms and entered into a stipulated token agreement on the record. As part of the stipulation entered into by the parties, the five weeks of visitation Mr. Rollo had with the child during the months from September through May was eliminated. The only issue remaining for trial was determination of the appropriate amount of child support.

Evidence of Mr. Rollo's income was presented at trial. The Form 14 calculation based upon Mr. Rollo's 1994 W–2 income amounted to $529.00 per month. Form 14 calculation using a thirty-three week average of Mr. Rollo's last pay checks resulted in presumptive child support of $558.00. The last full year of his income as indicated on his W–2's is substantially the same as it was at the time of the dissolution.

The trial court determined that a change of circumstances so substantial and continuing as to require modification of the child support amount was not presented.

Ms. Riley, on appeal, claims that the trial court's finding that a substantial and continuing change of circumstance did not exist was error. She asserts two theories in support of her claim: 1) the reasons for reducing the child support at the time of the divorce no longer exist, and 2) she had made a prima facie case for modification under 452.370 RSMo (1986).

■ The order of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of evidence, or it erroneously declares or applies the law. *Frisella v. Frisella,* 872 S.W.2d 637, 640 (Mo.App.1994). In order for the court to modify a support obligation the evidence must show changed circumstances so substantial and continuing as to make the terms of the prior decree unreasonable. Section 452.370.1 RSMo (1986); *Buckman v. Buckman,* 857 S.W.2d 313, 316 (Mo.App. 1993). The burden is on the movant to prove there has been a change of circumstances so substantial as to warrant such modification. *Meiners v. Meiners,* 858 S.W.2d 788, 792 (Mo.App.1993).

Ms. Riley has failed to meet this burden. A change of circumstances so substantial or continuing as to warrant modification of child support has not been demonstrated. The decree of dissolution stated that the reasons for entering an amount of child support below the amount required by Form 14 were Mr. Rollo's temporary custody during the summer months and his maintaining health insurance for the child. Although the parties did enter into a post-dissolution stipulation modifying the custody arrangement, Mr. Rollo still has temporary custody during the summer months per the agreement. He also still maintains health insurance for the minor child. Neither party argues that any other change in circumstance forming the basis for the original determination of child support has changed since the decree.

■ As a second basis for her point on appeal Ms. Riley claims her burden has been met since the amount calculated by Form 14 is greater than twenty percent of the amount she is receiving as child support. *See Kieninger v. Kieninger,* 836 S.W.2d 515 (Mo.App. 1992); *Stitt v. Stitt,* 617 S.W.2d 645 (Mo.App. 1981). According to section 452.370.1 RSMo (1986):

If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

However, circumstances have not changed substantially since the decree. Ms. Riley filed her motion to modify only one year after the dissolution was granted. The trial court found that the parties were in roughly the same financial situation they were in the prior year. Application of the child support guidelines produced a support figure of $598.00 at the time of the divorce. The parties agreed to a lesser sum, stated their reasons, and the court approved the sum. At the time of hearing on the motion to modify application of the guidelines resulted in a presumed child support amount of approximately $529.00 per month using 1994 income figures. When comparing these figures, a twenty percent change in the amount of child support has not occurred. While this fact alone is not controlling under the circumstances of this case, it is an additional factor considered.

The current child support amount of $400.00 per month is due to the agreement of the parties and approval of the court. The basis for the agreed reduction in the amount of presumed child support still exists. If the statute were construed in the manner proposed by Ms. Riley, any time parties agree to an amount of child support twenty percent or more less than Form 14 calculation,[1] set forth their reasons for agreeing to the lesser sum, and the trial court approves such sum, the custodial parent could return to court by motion to modify any time after the decree was entered for redetermination of the amount of child support awarded. The effect would be to bypass the appellate process and to permit a party to the dissolution an opportunity to relitigate non-compliance with Form 14 during the minority of the children born of the marriage. Section 452.370.1 does not intend such result.

The cornerstone of the modification provision is to allow the courts to modify when the situation of the parties has changed and the prior decree is no longer reasonable. This implies a change in external forces bearing on the ability to rear the child. Modification should not be used merely because one party has a change of mind. Ms. Riley entered into the separation agreement of her own volition. If she did not believe $400.00 a month for child support was a just and appropriate amount, the trial court would have applied the child support guidelines or would have decided a different award if the facts and circumstances presented required.

No substantial change of circumstances since the decree was entered warranting modification has been demonstrated. The order of the trial court is affirmed.

All concur.

---

1. This assumes the sum was approved by the court with a specific finding that the presumed amount is not unjust and inappropriate. Rule 88.01; *Umphenour v. Umphenour,* 831 S.W.2d 764, 767 (Mo.App.1992).