**Nelson BURTON, Jr., Respondent,**

v.

**Louise DONAHUE, Appellant.**

No. 70967.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1998.

**Tyrone READING, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 72514.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 27, 1998.

Before CRAHAN, C.J., RICHARD B. TEITELMAN, J., and CHARLES B. BLACKMAR, Senior Judge.

W. Morris Taylor, Clayton, for appellant.

Frank D. Keefe, Ellisville, for respondent.

AHRENS, Presiding Judge.

In this court tried case, both father, Nelson Burton, Jr. and mother, Louise Donahue, sought modification of a child support order entered pursuant to their 1990 divorce. The trial court granted father's motion for modification and denied mother's motion. Mother appeals, arguing the trial court erroneously declared and applied the law. We reverse and remand.

Mother and father divorced in 1990. Prior to the divorce, mother and father reached an agreement on custody and child support for their children. Under this agreement, father was to have custody of Catrina, age 20, and Nicollette, age 16, and mother was to have custody of Nelson III, age 14, and Brett, age 4. Also, father was to pay mother $1,000 per month per child in support for Nelson III and Brett. Further, if the parties and Nicollette agreed that Nicollette would live primarily with mother, then father would pay mother an additional $500 per month in child support. The trial court accepted this agreement and issued an Order of Support in accordance with the terms of the agreement.

Mother filed a motion to modify the 1990 support order in October 1994. Mother sought an increase in child support from $1,000 per month to $2,000 per month for Nelson III and Brett each. Mother also requested an increase in child support from $500 per month to $1,000 per month for Nicollete retroactive to June, 1994, the date when Nicollete began to live with mother. Mother further petitioned the court to order Father to pay for the current and past college expenses of Nicollette and to pay for the future college expenses of Nelson III and Brett. Mother also requested that the court order father to pay her attorney's fees.

Father then filed a cross-motion to modify the 1990 support order. in December 1994. Father petitioned the court to terminate the 1990 support order as it related to Nelson III since he primarily resided with father. Fa-

ther also requested the court to award custody of Nelson III to him.

After a bench trial, the trial court granted father's request to terminate the 1990 support order with respect to Nelson III and granted custody of Nelson III to father. The trial court also decreased Brett's child support amount from $1,000 per month to $606 per month. Third, the trial court decreed that father and mother would each be responsible for one half of the future educational expenses of Nelson III and Brett in an amount not to exceed the then current rate for tuition, room and board at the University of Missouri–Columbia. The trial court further stated that father was not obliged to pay any additional child support for Nicollette. The trial court also denied mother's request for attorney's fees.

Mother filed a motion for a new trial on June 24, 1996. In this motion, mother alleged that the trial court's judgment was not supported by substantial evidence and that the trial court erroneously declared the law. The trial court denied mother's motion on July 18, 1996. This appeal followed.

We will affirm the trial court's judgment unless it is against the weight of the evidence, is not supported by substantial evidence or the trial court erroneously states or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Mother has asserted five points of error on appeal. Since mother's first, second, fourth and fifth points all involve the trial court's disposition of her child support claims, we will address those points first.

■ In her first point, mother alleges the trial court erred in determining the presumptively correct child support amount for Brett as required by Rule 88.01 and Form 14. Mother asserts the trial court misapplied the law by imputing her new husband's (stepfather) income to her in calculating the presumptive child support for Brett. We agree.

■ A trial court cannot consider the income of a stepparent in calculating the presumptively correct child support amount for a child under Form 14. *Gal v. Gal*, 937

S.W.2d 391, 394 (Mo.App.1997); Sections 452.340 and 453.400.1 RSMo. (1994).[1] Here, in its Form 14 calculation for Brett, the trial court imputed wife's new husband's (Brett's stepfather) income to wife. The trial court also stated in its written judgment that it did impute the stepfather's income to the mother in its child support calculation.

■ Father concedes that this is not in accordance with the law but argues that it was harmless error. Father contends that because it appears that the trial court did not impute stepfather's income to mother in its conclusions of law, we should ignore the other evidence in the record that suggests that the trial court did impute stepfather's income to mother. We disagree.

■ An appellate court will not speculate as to what grounds the trial court based its ruling on by sifting through findings which are inconsistent and ambiguous. Rather, a judgment which is based on findings that are inconsistent and ambiguous does not allow for adequate appellate review and must be reversed. *Donnelly v. Donnelly*, 951 S.W.2d 650 (Mo.App. E.D.1997).

Here, a portion of the trial court's findings suggests that it did not consider the stepfather's income in calculating the presumptively correct child support payment for Brett. However, the trial court's Form 14 does impute the stepfather's income to mother and the trial court's written judgment states it imputed the stepfather's income to mother in its child support calculation. Thus, the record is inconsistent and ambiguous with respect to whether the trial court imputed stepfather's income to mother in calculating Brett's Form 14 amount. We must, therefore, reverse the portion of the trial court's judgment ordering father to pay $606.00 in child support for Brett.

In her second point, mother argues the trial court erred in deviating from the presumptively correct child support amount for Brett. The trial court must first determine the correct Form 14 amount before it can deviate from it. *Neal v. Neal*, 941 S.W.2d 501 (Mo. banc 1997). Since we have determined that the trial court must recalculate

1. All statutory references are to RSMo (1994) unless otherwise indicated.

the presumptively correct child support amount for Brett, the question of whether the trial court deviated from its prior Form 14 calculation is moot.

Mother's fourth point asserts the trial court erred in ordering mother and father each to pay one-half of Nelson III and Brett's future college expenses. We agree.

 The trial court's order requiring father and mother to each pay one-half of Nelson III and Brett's future college expenses is a form of child support. Section 452.340.5; *see Leahy v. Leahy*, 858 S.W.2d 221, 226–27 (Mo. banc 1993). A court may not consider a stepparent's income in determining the amount of child support that a natural parent should pay. Section 453.400.1. Because the awarding of college expenses is a form of child support, it follows that section 453.400.1 prohibits a court from considering a stepparent's income in determining the amount of college expenses a natural parent should pay.

Here, as illustrated above, the trial court imputed stepfather's income to mother in determining the proper amount of child support. Accordingly, we reverse the portion of the trial court's judgment ordering mother to pay one-half of Nelson III and Brett's future college expenses.

Mother, in her fifth point, contends the trial court erred in denying her request to retroactively increase Nicollete's child support from $500 per month to $1000 per month until Nicollete reached the age of 22. Mother also asserts that the trial court erred in not ordering father to reimburse her for Nicollete's past college expenses. As with mother's prior points, because the trial court imputed stepfather's income to mother for child support calculations, we must reverse the portion of the judgment denying mother's request for a retroactive increase in child support for Nicollete until she reached the age of 22. Her request to order father to reimburse her for Nicollete's past educational expenses must be reversed as well.

In her third point, mother argues the trial court erred in denying her request to order father to pay her attorney's fees.

Mother predicates this point on her argument that the trial court applied the wrong legal standard in determining whether to order father to pay her attorney's fees. We agree.

In the instant case mother requested that the court order father to pay her attorney's fees pursuant to section 452.355.1. The trial court rejected mother's request based in part on its finding of an absence of unusual circumstances in the case. We have recently held that the unusual circumstances standard should not be applied in domestic relation cases under section 452.355.1. *Halupa v. Halupa*, 943 S.W.2d 272, 279 (Mo.App.1997). Since the trial court employed the unusual circumstances standard, it erroneously applied the law and its judgment with respect to mother's request for attorney's fees must be reversed.

The judgment of the trial court is reversed and the cause is remanded with instructions to determine liability for child support, college expenses and attorneys fees in a manner consistent with this opinion.

CRANDALL and KAROHL, JJ., concur.