Diana Lea HAEFFNER, Petitioner–
Respondent,

v.

Mike Lee HAEFFNER, Respondent–
Appellant.

Case No. 22138

Missouri Court of Appeals,
Southern District,
Division II.

Oct. 19, 1998.

Don M. Henry, Henry, Henry, Henry, Engelbrecht & Williams, P.C., West Plains, for respondent-appellant.

David G. Neal, Neal Law Firm, Eminence, for petitioner-respondent.

BARNEY, Judge.

Mike Lee Haeffner (Mr. Haeffner) appeals from a judgment entered in a postdissolution action. The Circuit Court of Howell County modified Mr. Haeffner's child support obligation to his former wife, Diana Lea Haeffner (Ms. Haeffner), by increasing Mr. Haeffner's monthly child support obligation from $228.75 to $399.00, commencing September 1, 1997, with the provision that during the months of July and August of each year, his

support obligation will be abated. Additionally, Mr. Haeffner was allocated the federal income tax dependent exemption for the parties' only child, Zachary, born October 2, 1989. We affirm.

On June 11, 1996, Mr. Haeffner sought to modify his then existing child support obligation "by reducing the amount of child support, if not totally eliminating it, for the months of June, July and August of each year." He complained that he not only was obligated to pay monthly child support payments but was also solely responsible for Zachary's daycare and every-day expenses when he had physical custody of him. Ms. Haeffner filed a counter-motion to modify seeking, *inter alia,* an increase in child support payments from Mr. Haeffner.

The trial on the respective motions to modify was held on August 29, 1997. All of the matters pleaded in Ms. Haeffner's motion to modify were settled prior to trial, except for her request to increase Mr. Haeffner's child support obligations.

The trial court entered its judgment on November 20, 1997, increasing Mr. Haeffner's child support obligation from $228.75 to $399.00 per month commencing September 1, 1997, but abated his support payment obligation during July and August of each year, coinciding with that period of time he had primary custody of Zachary. The trial court found that "no basis [exists] for deviation from the presumed support amount *so long as* [Mr. Haeffner] is granted a two month abatement each summer." Ms. Haeffner did not oppose the July and August abatement of child support at trial, nor does she in this appeal.[1] The trial court also ordered Ms. Haeffner to maintain a health insurance policy[2] for Zachary and allocated the federal income tax dependent exemption to Mr. Haeffner. Each party was required to pay his or her own attorney's fees.

■ In his sole point of error, Mr. Haeffner argues that his Form 14 calculations, adopted by the modification court, show that his presumed monthly child support obligation is $399.00. Since this amount is *less* than the presumed monthly child support obligation of $437.50 as found by the dissolution court, Mr. Haeffner maintains that Ms. Haeffner has failed to establish a change in circumstances so substantial and continuing as to justify an increase in his child support obligation.

■ "The decision of the trial court [in a modification action] will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Mann v. Hall,* 962 S.W.2d 417, 419 (Mo.App.1998); *Burton v. Donahue,* 959 S.W.2d 946, 948 (Mo.App.1998). "The determination to award a modification in child support lies within the discretion of the trial court, and the trial court's decision will be reversed only for abuse of discretion or misapplication of law." *Mann,* 962 S.W.2d at 419.

■ "A child support award may only be modified upon a showing of changed circumstances so substantial and continuing as to make the terms of the award unreasonable." *Id.* at 420; *see also* § 452.370.1, RSMo Cum.Supp.1997. "In determining what constitutes a substantial and continuing change of circumstances, the court is to consider all financial resources of both parties." *Id.* "The parent seeking the modification has the burden of showing such change in circumstances." *Id.* A parent may establish a prima facie case of changed circumstances by proof that the current support payment deviates by 20% or more from the child support amount prescribed by the guidelines contained in Rule 88.01. *Mann,* 962 S.W.2d at 420. "The use of Form 14 in calculating child support in any proceeding involving the determination of child support is mandatory. *Gibson v. Gibson,* 946 S.W.2d 6, 9 (Mo.App. 1997).

---

1. *See generally In re Marriage of Bloom,* 926 S.W.2d 512, 520 (Mo.App.1996); *Schubert v. Tolivar,* 905 S.W.2d 924, 927 (Mo.App.1995).

2. Missouri "[c]ase law declares that such a provision is an order for the payment of child support." *Tracy v. Tracy,* 961 S.W.2d 855, 864 n. 12 (Mo.App.1998)(quoting *Short v. Short,* 947 S.W.2d 67, 69 (Mo.App.1997)).

"[R]ule 88.01 establishes a *presumptive* amount for child support as calculated pursuant to Form 14." *Tracy v. Tracy,* 961 S.W.2d 855, 864 (Mo.App.1998)(emphasis added). These support guidelines, however, "are simply formulas or schedules to consider." *Gal v. Gal,* 937 S.W.2d 391, 396 (Mo. App.1997). "They leave significant room for sound discretion." *Id.* Deviation from this presumed amount is permissible if the trial court makes a "written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." Rule 88.01(e), Missouri Court Rules (1998). *See Farr v. Cloninger,* 937 S.W.2d 760, 765 (Mo. App.1997).

Here, Mr. Haeffner's point ignores significant distinctions between the circumstances as found in the child support order in the dissolution action and the circumstances as found by the trial court in the modification action.

In the dissolution judgment, the trial court delineated specific findings to rebut the presumed child support amount. First, the trial court found, based on the financial resources of the parties, that Mr. Haeffner's presumed child support obligation was $437.50 per month.[3] The trial court then reviewed the custody schedule outlined in its judgment and referred to Comments A and D of Form 14, Civil Procedure Forms, Missouri Rules of Court (1995), then extant, in determining that a departure from the presumed child support was appropriate.[4] The trial court found that Zachary would be spending approximately seventy percent of each calender year with Ms. Haeffner and the other thirty percent with Mr. Haeffner. Thus, considering the financial resources of the parties at the time of the dissolution action, the trial court found that "the amount calculated under Form 14 is inappropriate owing to shared physical custody and Comments A and D."[5] Accordingly, the trial court, in the dissolution action, as it was permitted to do, reduced the presumed monthly child support obligation payable by Mr. Haeffner from $437.50 to $228.75. *See Woolridge v. Woolridge,* 915 S.W.2d 372, 382–83 (Mo.App.1996).

In its modification judgment, as mandated by Form 14, the trial court found that Mr. Haeffner's presumed child support was $399.00 per month as reflected in the Form 14 submitted by Mr. Haeffner, which the trial court adopted.[6] Relying on Mr. Haeffner's Form 14, the trial court found that his gross monthly income had increased from the time of the dissolution action. *See* note 6, *supra.* Although "the noncustodial parent's increased income alone is insufficient to justify modification of child support, it is a factor to be considered along with others." *State*

---

3. As reflected in the Form 14 submitted during the dissolution action, Mr. Haeffner's gross monthly income was $1,560.00 and Ms. Haeffner's was $908.00. This produced a combined income of $2,468.00, resulting in a child support amount of $450.00, plus $180.00 per month for child care and $64.50 per month for health insurance, i.e., total of $694.50 per month. The proportionate shares of child support between the parties resulted in Mr. Haeffner being otherwise obligated to pay $437.50 per month.

4. Comment A provided that "[a]lthough a monetary obligation is computed for each parent in the worksheets, the custodial parent is presumed to spend his or her share directly on the child." Form No. 14, Comments For Use, Missouri Court Rules (1995).

Comment D provided that "an adjustment to the presumed child support amount may be appropriate when the child or children spend substantial time with both parents. This arrangement should be distinguished from split custody as described in note C." Form No. 14, Comments For Use, Missouri Court Rules (1995).

5. Mr. Haeffner neither sought nor was granted an abatement of child support payments for July and August of each year during the dissolution action.

6. In the Form 14 submitted by Mr. Haeffner during the modification action, his gross monthly income increased to $1,896.00, while Ms. Haeffner's income decreased to $823.00. We note that Ms. Haeffner testified that her monthly income decreased to $425.00 but the trial court imputed a gross monthly income to her of $823.00 based on minimum wage earnings for a forty-hour work week. This produced a combined gross monthly income of $2,719.00, resulting in a monthly child support amount of $482.00, plus $46.00 per month for child care and $42.00 per month for health insurance, i.e., total of $570.00 per month. The proportionate shares of child support between the parties resulted in Mr. Haeffner being obligated to pay child support in the amount of $399.00 per month. *See* note 3, *supra.*

*ex rel. Boston v. Tuckness,* 958 S.W.2d 325, 326 (Mo.App.1998). As an additional factor, however, the trial court found that Ms. Haeffner's gross monthly income decreased from the time of the dissolution action. *See Luker v. Luker,* 861 S.W.2d 195, 198 (Mo.App.1993)("[t]here were two predominant factors which caused the trial court to find there were changed circumstances sufficient to result in a modification of child support. First was the decrease in [father's] income as imputed to him and second was the increase in [mother's] income").

Mr. Haeffner cites *Riley v. Rollo,* 913 S.W.2d 382 (Mo.App.1996) as authority for his position; however, it is clearly distinguishable from the facts in this case. In *Riley,* it was determined during the dissolution action that the presumed child support husband was obligated to pay was $598.00 monthly, but wife *expressly agreed* to take the lesser sum of $400.00. *Id.* at 382–83. The agreement was accepted by the trial court and incorporated into the dissolution decree. *Id.* at 383. One year later, wife sought modification of the $400.00 award arguing, *inter alia,* that the amount calculated by Form 14 was greater than twenty percent of the amount she was receiving as child support based on father's gross income that was similar to his gross income at the time of the dissolution action. The appellate court determined that "[t]he basis for the agreed reduction in the amount of presumed child support still exists," *id.* at 384, and stated its concern that "[i]f the statute were construed in the manner proposed by [mother], any time the parties agree to an amount of child support twenty percent or more less than Form 14 calculation ... the custodial parent could return to court by motion to modify any time after the decree was entered for redetermination of the amount of child support awarded ... [and that] Section 452.370.1 does not intend such result." *Id.*

In the instant action there was not an agreement in the dissolution action between Mr. Haeffner and Ms. Haeffner to reduce the amount of the presumed child support, like that in *Riley.* Also, at the modification proceeding, unlike the facts in *Riley,* Mr. Haeffner showed a significant increase in gross monthly income, while Ms. Haeffner showed a decrease in gross monthly income. Thus, *Riley* does not avail Mr. Haeffner in the instant matter.

We hold, therefore, that in the light of: (1) the increase in Mr. Haeffner's gross monthly income from $1,560.00 to $1,896.00 ($336.00 increase); (2) the decrease in Ms. Haeffner's gross monthly income from $908.00 to $823.00 ($85.00 decrease), which was imputed to her; (3) the trial court's order requiring that Ms. Haeffner maintain health insurance on Zachary; and (4) the abatement of Mr. Haeffner's child support obligation for the months of July and August of each year, the trial court neither abused its discretion nor misapplied the law in not deviating downward from the presumed child support amount as reflected in the Form 14 submitted by Mr. Haeffner.[7] *See Mann,* 962 S.W.2d at 419; *Burton,* 959 S.W.2d at 948. The record in this matter contains sufficient evidence establishing a substantial and continuing change in the parties' circumstances as to make the terms of the original child support order unreasonable. *See id.*

The judgment is affirmed.

GARRISON, C.J., and SHRUM, P.J., concur.

---

**7.** The trial court's modification of child support will result in Mr. Haeffner paying to Ms. Haeffner an additional $1,245.00 per year in child support.