**Glen J. HADEN, Appellant,**

v.

**Cathy Lynn (Haden) RIOU, Respondent.**

**No. WD 60792.**

Missouri Court of Appeals, Western District.

Nov. 19, 2002.

Allen S. Russell, Kansas City, MO, for Appellant.

Gabriel A. Domjan, Independence, MO, for Respondent.

Before ROBERT G. ULRICH, P.J., PAUL M. SPINDEN and EDWIN H. SMITH, JJ.

## Factual and Procedural Background

ROBERT ULRICH, Judge.

Glen J. Haden ("Father") and Cathy Lynn Riou ("Mother") were married on May 1, 1980 in Kansas City, Missouri. Three children were born of the marriage, Logan Dee Haden, born January 1, 1984; Seth Thomas Haden, born October 24, 1984; and Lacy Apphia Haden, born September 30, 1987. On August 10, 1994, the Jackson County Circuit Court dissolved the parties' marriage. Legal custody of the children was awarded to both parents with primary physical custody awarded to Mother. Father was granted visitation every other weekend, specific holidays, including Father's Day, and four weeks during the summer. He filed a Motion to Modify Child Support and Child Custody and Visitation on February 23, 1998, seeking either joint physical custody with Mother or in the alternative sole custody. Evidence at the modification hearing established that the parties did not strictly adhere to the original custody order. The trial court modified the original custody decree by awarding joint legal and physical custody with the children's primary residence to be with Mother. The children were to reside with Father every Tuesday, alternate weekends, certain specified holidays, and a portion of the summer.[1]

Father filed his first appeal from the trial court's judgment modifying the dissolution decree on January 21, 2000. In his appeal, Father raised three issues, only one of which is relevant to this second appeal. Father argued that the trial court erred in modifying custody because it failed to take into account the parties' agreement, failed to articulate the reasons for its child custody decision and that the

---

1. This is the second time that the trial court's judgment on Father's motion to modify the original judgment of dissolution has been on appeal before this court. Only those facts relevant to this appeal will be delineated here. For a complete history of Father's motion to modify, see *Haden v. Riou*, 37 S.W.3d 854 (Mo.App. W.D.2001).

decision lacked substantial and competent evidence to support it. The only argument regarding child custody to succeed on appeal was that the trial court judgment did not provide an explanation for its child custody provision as required by Section 452.375.6, RSMo 2000. This court reversed and remanded that portion of the trial court's judgment with directions to the trial court to make written findings regarding its modification of the original child custody. The trial court issued its Judgment Modifying Dissolution of Marriage on Remand on October 31, 2001. Father filed this appeal of the trial court's judgment after remand on December 11, 2001.

Father presents one point on appeal. Father contends that the trial court erred in awarding Mother primary custody of the children and in granting her the right to relocate the primary residence of the children. He claims that the trial court's judgment is inconsistent, not supported by substantial evidence, and misapplies Missouri law. As to the award of custody, Father asserts that the trial court's judgment is inconsistent because it awarded sole legal and physical custody to Father and joint legal and physical custody to Mother and Father with Mother receiving primary physical custody of the children. With regard to that portion of the judgment regarding relocation, Father claims that it was in error for three reasons. First, Father claims that the trial court's finding that neither parent intended to relocate was in error because Mother testified at trial that she and her husband had purchased land in Lone Jack, Missouri, on which they intended to build a house.[2] Second, the trial court found pursuant to Section 452.375.2(5), RSMo 2000 that the children were well adjusted in their school, home, and community and that efforts should be made to ensure that the children remain in their existing school, home, and community. Father argues that this finding was inconsistent with the trial court's finding that Mother had the right to relocate. Father's third and final contention is that the trial court misapplied Missouri law by granting Mother the right to relocate without requiring her to comply with the statutory criteria set out in Section 452.377, RSMo 2000.

## Discussion

 This court is unable to rule on Father's sole point on appeal due to inconsistencies and errors in the trial court's judgment. "An appellate court will not speculate as to what grounds the trial court based its ruling on by sifting through findings which are inconsistent and ambiguous. Rather, a judgment which is based on findings that are inconsistent and ambiguous does not allow for adequate appellate review and must be reversed." *Burton v. Donahue,* 959 S.W.2d 946, 948 (Mo. App. E.D.1998). In this case, the trial court's judgment purports to award sole custody to Father while at the same time awards joint custody to Mother and Father with Mother receiving primary physical custody of the children. Under the "physical custody and parenting of the minor child" portion of the judgment, the trial court's findings suggest that it awarded sole custody to Father with restricted and supervised visitation rights to Mother. However, the judgment analyzed the requisite statutory factors under Section 452.375.2, RSMo 2000, as if it had awarded joint custody to Mother and Father. The trial court's judgment is, thus, inconsistent and ambiguous with regard to which parent was awarded custody of the children. A judgment will not lie when it is based on

---

**2.** Both Father and Mother currently reside in Lee's Summit, Missouri.

ambiguous, inconsistent, or contradictory findings of fact. *Donnelly v. Donnelly,* 951 S.W.2d 650, 653 (Mo.App. E.D.1997). Because the trial court's judgment does not clearly explain the trial court's intent in awarding child custody, this portion of the judgment is reversed and remanded with directions to the trial court to clarify its judgment on this issue.

■ This court is also unable to rule on the issue of relocation, as the trial court's judgment is contradictory on this point. Specifically, the trial court found that neither parent intended to relocate. This finding conflicts with Mother's testimony. Mother testified as follows:

Q. Now, okay, you and Mr. Riou—am I pronouncing that correctly?

A. Riou.

Q. Purchased the property in Lone Jack,[Missouri]. Have you started any construction on it?

A. Not at all.

Q. Have you hired a builder?

A. No.

Q. Do you have an estimated or anticipated time when you plan on building?

A. The year 2000.

Q. Is there a reason why you haven't started building yet?

A. Finances do not make that possible right now.

Q. So at least in the near future you don't see any changes with regard to the children, where they're at and their relationship, physical relationship at your house and Mr. Haden's house?

A. That is correct.

Although Mother testified that she did not intend to move in the near future, she did testify that it was her intent to move. She testified, moreover, that construction of the house was to begin in the year 2000. The trial court's finding that neither parent intended to move is error, as it is not supported by the record.

■ Father claims that the trial court's judgment is inconsistent because it allows Mother to relocate even though it found that the children were well-adjusted in their home, school, and community and that it was in the best interest of the children to remain in their existing home, school, and community. This court first notes that the trial court ordered "that each party shall have the right to move one time, to a location of their choice in Jackson County, Missouri after the effective date of this Judgment for Dissolution of Marriage." In effect, the trial court restricted both parents' capability to relocate to the Jackson County area. "A court should not, in advance, restrict a custodial parent's residence to a particular area of the state." *Kline v. Kline,* 686 S.W.2d 13, 17 (Mo.App. W.D.1984). Such a provision cannot be upheld. *In re Marriage of Dusing,* 654 S.W.2d 938, 942 (Mo.App. S.D. 1983). "In our highly mobile society it would be unrealistic to confine a custodial parent to a fixed geographic area, if removal to another jurisdiction was consistent with the best interest of the minor child[ren]." *Id.* The children can maintain a relationship with both parents without confining each parent's residence to Jackson County, Missouri. *Kline,* 686 S.W.2d at 17 (**refusing to include a provision in the divorce decree restricting both parents' residence to a two-county area**). Likewise, that portion of the trial court's judgment restricting Father's right to relocate is in error. Although Father does not address this issue, this court notes that the trial court's provision restricting the parents to a single relocation after the judgment has been entered would be incapable of being upheld on appeal.

This court agrees with Father's argument that the trial court failed to adequately consider Section 452.377, RSMo 2000, by granting Mother the right to relocate and reverses that portion of the trial court's judgment. Page twenty-nine of the judgment states: "IT IS FURTHER ORDERED that the parties shall comply with the provisions of § 452.377.1 regarding relocation of the residence of a child for all changes of residence after the one time move permitted by this Judgment for Dissolution of Marriage." A party seeking to relocate shall have the burden of proving that the proposed relocation is made in good faith and is in the best interest of the children. § 452.377.9, RSMo 2000; *Stowe v. Spence*, 41 S.W.3d 468, 469 (Mo. banc 2001). If and when Mother decides to relocate to Lone Jack, Missouri, she must adhere to the criteria expressed in Section 452.377, RSMo 2000. At that time, Father can petition the court to review whether relocation is in the best interest of the children. § 452.377.7, RSMo 2000. That portion of the trial court's judgment granting both parents the option of relocating one time within Jackson County, Missouri, before complying with Section 452.377, RSMo 2000, is reversed. The trial court shall amend that portion of the judgment to conform to this opinion.

## Conclusion

That portion of the trial court's judgment awarding sole custody to Father and joint custody to both Mother and Father with primary physical custody to Mother is inconsistent and is reversed. The case is remanded with directions to the trial court to clarify its award of child custody. The judgment is unclear whether Father, Mother, or both are awarded child custody. The portion of the judgment allowing both parents to relocate without complying with Section 452.377, RSMo 2000 is reversed. The trial court is directed to modify that portion of the judgment restricting the relocation of both parents' residence to Jackson County, Missouri. The judgment contains other apparent errors such as reference to a child not born of this marriage, Jessica M. Springs, born April 25, 992[sic]. As another example, the judgment requires Father to pay seventy (60%)(sic) percent of the college tuition of the children. The trial court is directed to amend its judgment to correct these errors.

All concur.