**Robert W. GIBSON, Respondent,**

v.

**Marvelle M. GIBSON, Appellant.**

**No. WD 52941.**

Missouri Court of Appeals,
Western District.

May 20, 1997.

John G. Sommer, Independence, for Respondent.

Lloyd Koelker, Kansas City, for Appellant.

Before ULRICH, C.J., P.J., and SPINDEN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Marvelle M. Gibson appeals the dismissal of her motion to modify child support at the close of her evidence. Appellant claims that the trial court erred in dismissing her motion without prejudice in that: (1) by doing so, it failed to decide her motion on the merits as required; and, (2) there was sufficient evidence to find a substantial and continuing change in circumstances supporting a modification in child support, in that her Form 14 showed a change in the child support amount of twenty percent or more, which constituted a prima facie showing of a substantial and continuing change in circumstances under § 452.370.1 [1] warranting modification of child support.

We reverse and remand.

## Facts

Marvelle Gibson (appellant) and Robert Gibson (respondent) were married in 1973. The couple's only child was born in 1981. The Gibson's marriage was dissolved in 1992. As part of the dissolution decree, appellant received sole physical custody of C.G., with respondent ordered to pay appellant $275 per month in child support.

Shortly after the dissolution, appellant's $42,000 per year job as a coordinator for travel and conventions at St. Luke's Hospital (St.Luke's) was eliminated. Appellant then started a business, with a partner, known as Premiere Meetings, specializing in meeting planning. At the time of the hearing on her motion, appellant was in the process of buying out her partner. Appellant also purchased two travel agencies, which she named Premiere Meetings and Travel. Appellant financed the purchase of these businesses, as well as her new home, through a loan from the Small Business Administration, by borrowing money from an annuity program at St. Luke's, tax refunds, money from her sister and money from St. Luke's for accumulated sick or vacation time.

On February 16, 1995, appellant filed her motion to modify the dissolution decree, requesting an increase in child support retroactive to the date of filing; reimbursement for half of C.G.'s medical expenses and costs since the decree; and, an order for contribution to anticipated private high school costs and future college expenses. On April 9, 1996, the hearing was held before Family Law Commissioner Sherrill Rosen on transfer from Circuit Judge J.D. Williamson.

At the hearing, appellant offered her completed Form 14 Child Support worksheet, marked as Exhibit No. 2. During 1995, appellant earned $16,695.13 from Premiere Meetings and no income from Premiere Meetings and Travel. Her monthly income was listed on her Form 14 as $1,391. Appellant listed respondent's gross monthly income as $3,000, as an imputed amount, and testified that she believed that he was underemployed and did not work very hard. Respondent sells and manages real estate. Respondent testified

1. All statutory references are to RSMo 1994, unless otherwise indicated.

that his total income in 1994 and 1995 was between $9,000 and $10,000 per year, but admitted on cross-examination that his gross commissions for managing and selling real estate was about $25,000 annually in those years. Respondent testified at the hearing, in pertinent part, when asked to repeat what he had told C.G. about his work habits:

> That I don't work very hard. That I don't want to work very hard. Okay? I'm old enough and I'm tired enough and I'm crabby enough that I just don't feel I need to. And people put in their lives working and working and working, and they're not happy. And you can't take it with you, and I'm not going to do that.

Tr. 66. The trial court sustained respondent's "objection" to the imputed amount as lacking foundation.

At the close of appellant's evidence, respondent filed a motion to dismiss for lack of evidence supporting modification. The Family Court Commissioner, the Honorable Sherrill Rosen, sustained respondent's motion to dismiss. This appeal follows.

### Standard of Review

Our standard of review is dictated by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Luker v. Luker*, 861 S.W.2d 195, 198 (Mo.App.1993). Thus, we will affirm the trial court's decision unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32; *Luker*, 861 S.W.2d at 198. "The determination to award a modification in child support lies 'within the legitimate discretion of the trial court and we review only to come to a conclusion as to whether there has been an abuse of discretion or an aberrant application of the law.'" *Id.* (citation omitted).

### I.

Appellant first claims that the trial court erred in dismissing her motion to modify child support and failing to decide her motion on the merits. Essentially, appellant is contending, pursuant to § 452.370.1, that she made a submissible case sufficient to survive a motion to dismiss by submitting a completed Form 14 child support worksheet showing at least a twenty percent change in the child support amount since the prior decree. We disagree with appellant's interpretation of the procedural effect of the trial court's dismissal of her motion.

■ A motion to dismiss at the close of plaintiff's evidence in a judge-tried case submits on the merits the issues upon which plaintiff has the burden of persuasion and requires the trial court to determine credibility of witnesses and to weigh the evidence. *Colombo v. Buford*, 935 S.W.2d 690, 694 (Mo. App.1996). Thus, we find that the trial court's dismissal here of appellant's motion to modify child support was procedurally required to be a dismissal on the merits. Appellant assumes that because the trial court sustained the motion to dismiss, it did not consider the merits of her motion. This is nothing more than speculation on her part. Regardless, it matters not, in that in Point II we specifically address whether the trial court's dismissal of appellant's motion on the merits was supported by the evidence.

### II.

In her second point, appellant claims that the trial court erred in dismissing her motion to modify child support in that there was sufficient evidence to find a substantial and continuing change of circumstances warranting modification pursuant to § 452.370.1. This subsection provides that:

> the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support or maintenance award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed. If the application of the guidelines and criteria set forth in

supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

§ 452.370.1. Thus, under the statute, a prima facie showing of a change in circumstances supporting a modification of child support can be made by demonstrating a twenty percent or more change in the child support amount since the prior decree. *Bloom v. Bloom*, 926 S.W.2d 512, 519 (Mo.App.1996); § 452.370.1. This forms the basis of appellant's claim—that her Form 14 established a twenty percent or more change in the child support amount since the prior decree, and thus, she had presented sufficient evidence of a substantial and continuing change in circumstances that would have defeated respondent's motion to dismiss.

■ The use of Form 14 in calculating child support in any proceeding involving the determination of child support is mandatory. *Woolridge v. Woolridge*, 915 S.W.2d 372, 378 (Mo.App.1996); *Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997).

> [U]nder Rule 88.01 the trial court in all cases involving the award of child support is required to determine and find for the record the presumed correct child support amount calculated pursuant to Civil Procedure Form No. 14. The determination and finding of the amount can be done by either accepting for the record a Form 14 amount calculated by a party, or in the event it "rejects" the Form 14 amounts of the parties as being incorrect, doing its own Form 14 calculation.

*Woolridge*, 915 S.W.2d at 381–82. Here, appellant submitted her completed Form 14 as required. However, respondent objected to its submission, arguing that the gross monthly income imputed to him in appellant's Form 14 lacked proper foundation. The trial court sustained the objection.

■ Logically, there is no recognized objection to a party's submission of its Form 14, and certainly no foundation objection. Each party is required to submit his or her Form 14 without any foundation being required. The fact a Form 14 is submitted as required does not mean it has been agreed to by the other party or accepted by the trial court as correct. Under the procedure of *Woolridge*, it is the trial court's duty to either accept or reject a Form 14 at the conclusion of the evidence, not at the time of its submission. In any event, although the trial court erroneously sustained respondent's foundation objection, we will treat it for purposes of this appeal as a rejection of appellant's Form 14 on the basis that the trial court believed the $3,000 gross monthly income amount imputed to respondent to be incorrect, logically rendering appellant's calculation incorrect.

■ Having rejected appellant's Form 14, the trial court, under *Woolridge*, either had to accept respondent's Form 14 or complete one of its own in order for it to determine whether there had been a change of twenty percent or more in the child support amount since the prior decree and a resulting prima facie change in circumstances warranting modification. *Id.* In this respect, there is nothing in the record to indicate that the respondent submitted a Form 14 or that the trial court completed one of its own. Because the trial court failed to make Form 14 findings as required by *Woolridge* and as approved in *Neal*, we are unable to discern whether the trial court believed respondent had a gross monthly income somewhat less or substantially less than appellant's figure, and thus, it is impossible for us to determine whether there was a change of twenty percent or more in the child support amount since the prior decree, or in other words, whether there was a substantial and continuing change requiring a modification of child support. Thus, we find that the trial court erroneously applied the law in failing to follow the procedure outlined in *Woolridge* and approved in *Neal*, requiring reversal and remand.

## Conclusion

The trial court's judgment dismissing appellant's motion to modify child support is reversed and the cause remanded with in-

structions for the trial court to follow the *Woolridge* procedure, as approved in *Neal*, to determine whether there was a twenty percent or more change in child support from its prior decree, which would establish a prima facie case of modification under § 452.370.1 and then to rule on appellant's motion to modify child support based on the evidence in the case. In doing so, the trial court is free to hear additional evidence on the issue of child support.

All concur.