**Becky Lou MANN f/k/a Becky Lou Hall, Respondent,**

v.

**Mark Hensley HALL, Appellant.**

**No. WD 54241.**

Missouri Court of Appeals, Western District.

Feb. 17, 1998.

Gary L. Stamper, Walther, Antel & Stamper, P.C., Columbia, for appellant.

Betty K. Wilson, Oliver, Walker, Wilson & Ehrhardt, L.L.C., Columbia, for respondent.

Before ULRICH, C.J., P.J., and HOWARD and RIEDERER, JJ.

ULRICH, Chief Judge, Presiding Judge.

Mark Hensley Hall appeals the judgment of the trial court denying his motion to modify child support. He claims that application of the guidelines and criteria set forth in Rule 88.01 to the financial circumstances of the parties, including his decreased income and the decrease in day care costs for the children, would result in a change of child support from the existing amount by 20% or more, § 452.370.[1] Thus, he contends, a prima facie showing was made of a substantial and continuing change of circumstances, and the trial court erred in failing to order the support payment according to the guidelines. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

## FACTS

Mark Hensley Hall (Father) and Becky Lou Mann, f/k/a Becky Lou Hall, (Mother) were married on February 7, 1981. Two children were born of the marriage: Ashley Marie Hall, born January 30, 1985, and Austin Hensley Hall, born December 27, 1988. The parties' marriage was dissolved on October 27, 1994. The decree of dissolution awarded custody of the children to Mother and ordered Father to pay $760 per month in child support based on the court's acceptance of Mother's completed Form 14. At the time of the divorce, Father was employed as a cabinet salesman earning a monthly gross income of $2,500. Mother's monthly gross income was $1,611. Mother incurred $377 of work-related child care costs per month.

On July 11, 1996, Father filed a motion to modify the decree alleging that a substantial and continuing change in circumstances rendered the child support terms of the decree unreasonable. He claimed that a substantial decrease in his gross monthly income necessitated modification of the child support award. He also alleged that application of the criteria set forth in Rule 88.01 to the financial circumstances of the parties would

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

result in a change in support from the existing amount by 20% or more.

In response, Mother filed an answer to Father's motion to modify and her own motion to modify requesting an increase in the amount of child support. She alleged that a substantial and continuing change in circumstances necessitated modification of Father's child support obligation in that Father's income had increased, application of the criteria set forth in Rule 88.01 to the financial circumstances of the parties would result in an increase in support from the existing amount by 20% or more, and the financial needs of the children had increased.

Each party filed statements of property, income, and expenses with their motions. Additionally, each party filed a completed Form 14. Father's Form 14 reported Mother's monthly gross income to be $2000 and his to be $1100. No work-related child care costs were listed. The presumed child support amount, based on Father's Form 14, was $152. The amount represented a change of more than 20% from Father's current monthly payment of $760. At the hearing on the motions, Father filed another completed Form 14, labeled Exhibit No. 6, in which he reported a monthly gross income of $2236 for Mother and $1563 for himself. The presumed child support based upon these figures was $421. The figures presented on Exhibit No. 6 also represented a change of 20% or more from the amount he was currently paying.

Mother's Form 14 reported her monthly gross income as $2064 and imputed to Father a gross income of $4000. It, like Father's, did not list any work-related child care costs. The presumed child support amount based on Mother's calculations was $735. This amount did not represent a change of 20% or more.

At the hearing on the motions, Father testified that one year after the dissolution, he quit his $30,000 a year job when his employer restructured his salary. He stated that he searched for other employment but was unable to obtain a job with comparable pay. During this time, he fell behind in his child support payments, and at the time of the hearing, his total arrearage was over $7500.[2]

In January 1996, Father started his own cabinetry business and earned a gross salary of $18,000 for the year. Besides the salary that he collects, Father testified that his business pays his car payment and child support. An exhibit offered by Father at the hearing revealed that his business made $3047 in payments on his personal car and $500 towards his child support payments in 1996. For January and February 1997, his business paid two car payments totaling $561 and four child support payments totaling $960. Additionally, Father testified that his wife withdrew up to $500 per month from the business to pay family expenses.

Mother testified that the children's expenses had increased since the original decree of dissolution. Specifically, she mentioned increases in her daughter's orthodontic bills and the children's food and clothing costs. She stated that she was unable to stay current on all of her bills. Mother also admitted that she was no longer incurring $377 in work-related child care costs.

Following the hearing, the trial court entered its judgment denying Father's and Mother's motions to modify. It found that Father's income had not increased or decreased since the original decree of dissolution. This appeal by Father followed.

## STANDARD OF REVIEW

The decision of the trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Gibson v. Gibson*, 946 S.W.2d 6, 8 (Mo.App.1997). The determination to award a modification in child support lies within the discretion of the trial court, and the trial court's decision will be reversed only for abuse of discretion or misapplication of the law. *Gibson*, 946 S.W.2d at 8.

2. Father admitted that he was convicted of criminal non-support in December 1996.

## MODIFICATION OF CHILD SUPPORT

Father's sole point on appeal claims that the trial court erred in failing to modify his child support obligation. He contends a prima facie showing was made of a substantial and continuing change of circumstances that justified modification of his child support. Specifically, he argues that evidence of his decreased income and the decrease in Mother's work-related child care costs when applied to Rule 88.01 results in a change in child support from the existing amount by 20% or more.

■ Modification of child support is governed by section 452.370. Section 452.370 provides, in pertinent part,

[T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support or maintenance award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed. If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

A child support award may only be modified upon a showing of changed circumstances so substantial and continuing as to make the terms of the award unreasonable. *Buckman v. Buckman*, 857 S.W.2d 313, 316 (Mo.App. 1993). In determining what constitutes a substantial and continuing change of circumstances, the court is to consider all financial resources of both parties. *Id.* at 316–317. The parent seeking the modification has the burden of showing such change in circum-

stances. *Crotty v. Kline*, 947 S.W.2d 121, 123 (Mo.App.1997). A parent may establish a prima facie case of changed circumstances by proof that the current support payment deviates by 20% or more from the child support amount prescribed by the Rule 88.01 guidelines. *Id.*

In this case, the parties submitted to the trial court their completed Form 14's. The presumed child support amount calculated by Father resulted in a deviation of 20% or more from the child support amount of the prior decree. The presumed child support amount calculated by Mother did not. In its judgment, the trial court denied the motions to modify finding that Father's income had neither increased nor decreased since the original decree of dissolution. It did not determine for the record the presumed child support amount calculated pursuant to Form 14 or that the presumed amount did not deviate from Father's existing child support obligation by 20% or more.

■ The use of Form 14 in calculating child support in a modification proceeding is mandatory. *Gibson*, 946 S.W.2d at 9; *Woolridge v. Woolridge*, 915 S.W.2d 372, 378 (Mo. App.1996).

[U]nder Rule 88.01 the trial court in all cases involving the award of child support is required to determine and find for the record the presumed correct child support amount calculated pursuant to Civil Procedure Form No. 14. The determination and finding of the amount can be done by either accepting for the record a Form 14 amount calculated by a party, or in the event it "rejects" the Form 14 amounts of the parties as being incorrect, doing its own Form 14 calculation.

*Id.* (quoting *Woolridge*, 915 S.W.2d at 381–382).

■ Because the trial court denied the motions to modify, apparently it rejected Father's Form 14, which showed a deviation between the presumed child support amount and the existing support obligation by 20% or more. The record is unclear, however, whether the trial court accepted Mother's Form 14 or completed its own. Because the trial court failed to follow the procedure re-

quired by *Woolridge*, whether a change of 20% or more in the child support amount from the prior decree occurred can not be determined, and, thus, a prima facie showing of a change in circumstances supporting a modification of child support can not be demonstrated. The trial court, therefore, misapplied the law in failing to follow the *Woolridge* procedures, and its judgment is reversed. *Gibson*, 946 S.W.2d at 9. The case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.