**In re MARRIAGE OF, David Lee CASEY and Janice Michelle Casey.**

No. WD 55630.

Missouri Court of Appeals, Western District.

Feb. 9, 1999.

Robert Harris, Warrensburg, for Appellant.

Kevin Schehr, Versailles, for Respondent.

SPINDEN, Judge.

David Casey appeals the circuit court's denial of his motion to modify child support. He contends that the circuit court erred in not following mandatory guidelines for use of Form N° 14 under Rule 88.01 and in not ordering his former wife, Janice Michelle Newman, to pay child support for their minor child. We affirm the circuit court's judgment.

Casey and Newman divorced on March 13, 1991, and the circuit court ordered that the couple's minor child be placed in Newman's custody. On September 8, 1992, the circuit court ordered that custody of the child be transferred to Casey, but it did not order Newman to pay any child support. The circuit court, however, ordered Casey to pay $150 a month to Newman during the summer months when Newman had temporary custody. On July 28, 1998, Casey filed a motion to modify child support.

At the time of the hearing on Casey's motion, he earned $1732 a month, and Newman had worked fulltime for more than three years for an automobile repair firm owned by her second husband. On February 24, 1998, fire destroyed the repair shop and nearly everything in it. Neither the building nor its contents was insured. At the time of the hearing, neither Newman nor her husband was earning any income.

The circuit court denied Casey's motion to modify. It determined that, because neither Newman nor her husband had any income, a substantial change in circumstances did not exist to warrant changing the previous child support order. Casey appeals.

In his first point, Casey contends that the circuit court erred in not following mandatory guidelines for use of Form N° 14 under Rule 88.01. He argues that the circuit court was required either to adopt one of the parties' proposed Form N° 14s or to prepare its own Form N° 14.

In a proceeding for modification of a previous order of child support, the circuit court must find that a substantial and continuing change of circumstances warrants modification. Section 452.370, RSMo Supp. 1997. A party may make a *prima facie* showing of a change in circumstances by demonstrating a 20 percent or more change in the child support amount since the circuit court entered its decree. *Gibson v. Gibson*, 946 S.W.2d 6, 9 (Mo.App.1997).

Use of Form N° 14 to calculate child support in any proceeding involving determination of child support is mandatory.

*Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997). In *Woolridge v. Woolridge*, 915 S.W.2d 372, 381–82 (Mo.App.1996), this court said:

> [U]nder Rule 88.01 the trial court in all cases involving the award of child support is required to determine and find for the record the presumed correct child support amount calculated pursuant to Civil Procedure Form No. 14. The determination and finding of the amount can be done by either accepting for the record a Form 14 amount calculated by a party, or in the event it "rejects" the Form 14 amounts of the parties as being incorrect, doing its own Form 14 calculation. The trial court can do its own Form 14 calculation by either completing a Form 14 worksheet and making it a part of the record, which we recommend as the most efficient and surest way of preserving the record, or by articulating on the record how it calculated its Form 14 amount. Required findings for the record can be done by separate written findings, findings in the judgment entry, or by oral findings on the record.

*Id.* at 381–82. **In this case, both parties submitted a proposed Form** m 14, but the circuit court rejected both. This obligated the circuit court to prepare its own form to determine whether a change of 20 percent or more in the child support amount had occurred since it entered its decree.

█ The circuit court did not prepare a Form N° 14 worksheet—at least it did not make it a part of the record. This, however, is not the end of the issue. We said in *Woolridge* that "[t]he lack of specific findings as to how the trial court calculated its Form [N°] 14 amount will not automatically trigger a reversal on appeal on that issue, provided the record clearly indicates how the trial court arrived at its Form [N°] 14 amount." *Id.* at 382.

The circuit court's judgment said:

> The Court finds that at the time of the previous order [Casey's] income was $1200. per month and [Newman's] income was $500. per month. The Court finds that [Casey's] current income is $1732. per month gross less $570. for support of other children leaving a gross income of $1162. per month. While [Newman] has had income in the recent past which could have been attributed to her the recent total loss of the business without insurance leaves [her] current income at zero.

The circuit court's judgment, therefore, articulated its Form N° 14 calculations—albeit not in worksheet form. By determining that Newman had no monthly income (the amount which the circuit court would have placed on Line N° 1 of Form N° 14), the result—no matter what other figures it would have placed on the worksheet—would have been no obligation of presumed child support obligation for Newman. Casey's contention, therefore, is without merit.

In his second point, Casey challenges the circuit court's determination that Newman had no income. He argues that the circuit court should have imputed income to her "based upon her past earnings and future earning potential and due to the judicial admissions of [Newman] that she should be paying child support in at least the amount submitted to the trial court" in her Form N° 14. We disagree.

Newman's proposed Form N° 14 reported her monthly gross income as $892 which was based on her assumption that she could get employment, if required, and earn at least minimum wage. Casey argues that, because Newman imputed income to herself in preparing a proposed Form N° 14, her admission was conclusive and binding on the circuit court. He asserts that the issue of imputing income to Newman was conclusively determined and the only question remaining for the circuit court was to determine the appropriate amount.

█ That Newman submitted a proposed Form N° 14 did not mean that the circuit court was obligated to accept it as correct. The circuit court was free to accept or to reject Newman's proposed form. *Gibson*, 946 S.W.2d at 9. As evidenced by its judg-

ment, the circuit court rejected Newman's proposed form.

■ The circuit court had the discretion to impute income to Newman, but it chose not to do it. "When determining a parent's child support obligation, the court may, in proper circumstances, impute income to the parent according to what she could have earned by using her best efforts to gain employment." *Graves v. Graves,* 967 S.W.2d 632, 640–41 (Mo.App.1998).

■ The evidence established that fire had destroyed the family business where Newman worked and that the business was not covered by insurance. At the time of trial, Newman was not working. She testified that she wanted to stay home to care for her children from her second marriage.[1] She said that, before the fire, she and her husband had moved the family business to a building close to their house so she could stay at home with the children. The directions for completing Form N° 14 say that the circuit court may consider "whether [a] parent is custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home."

1. At the time of trial, Newman had two children living at home: a one-year-old and a four-year-

■ Moreover, the circuit court should not impute income to a parent when the record does not establish an attempt to evade parental responsibilities. *Smith v. Smith,* 969 S.W.2d 856, 859 (Mo.App.1998). The evidence in this case does not establish that Newman was attempting to evade her parental responsibilities. In fact, the record establishes that fire, a chance event, destroyed the income she was earning. The circuit court did not abuse its discretion in not imputing income to Newman.

We affirm the circuit court's judgment.

HAROLD L. LOWENSTEIN, Presiding Judge, and VICTOR HOWARD, Judge, concur.