In the Interest of M.W.

No. WD 56401.

Missouri Court of Appeals,
Western District.

Jan. 4, 2000.

Rehearing Denied Feb. 1, 2000.

---

Dennis Owens, Kansas City, for Appellant.

Katherine Rodgers, Dale Nathan Godfrey, Blue Springs, for Respondent.

Before PAUL M. SPINDEN, Presiding Judge, HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge.

PER CURIAM.

K.W. appeals the circuit court's judgment terminating her rights to parent her daughter, M.W. She avers four points in contending that the circuit court erred in terminating her parental rights: (1) "the evidence in support of termination was distorted by the monitoring process itself and the mother's lack of opportunity to bond with her child;" (2) the circuit court "implicitly presum[ed] that [K.W.] was guilty of the murder of her child even though she was neither charged with nor convicted of any crime;" (3) the circuit

court did not address M. W.'s best interests in that it "failed to determine whether [K.W.] could provide [M.W.] with a happy, loving, permanent home;" and (4) the circuit court "ignored evidence of [K. W.'s] testimony regarding her strong desire to remain the mother of [M. W.]."

The circuit court ruled:

Pursuant to Section 211.447.2(6) [RSMo. Supp.1998,] the Court finds by clear, cogent and convincing evidence that [K.W.] is unfit to be a party to the parent and child relationship. [K.W.] has committed a specific abuse, child abuse, or drug abuse before the child or has subjected the child to specific conditions which directly relate to the parent and child relationship which renders the parent unable, for the reasonably foreseeable future, to care appropriately for the ongoing physical, mental or emotional needs of the child. [K. W.'s] parental rights to one or more other children were involuntarily terminated within the past three years under Section 211.447 or under the similar law in another state. Specifically, [K. W.'s] parental rights to three other children were terminated by this court in Cause Number TR96–00099, In the Interest of [S. W.], Cause Number TR96–00098, In the Interest of [T. W.], and in Cause Number TR95–00145, In the Interest of [D. W.], on May 9, 1997.

The Court further finds by clear, cogent and convincing evidence the following factors as specified in Section 211.447.3 RSMo.:

1. No additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time.

The Court further finds by clear, cogent and convincing evidence that it is in the best interests of the child, [M. W.], that all parental rights of [K.W.] . . . in, to and over the child, [M. W.], be terminated.

Because no transcript has been filed in this case, we have no means for determining whether these findings of fact are supported by "clear, cogent and convincing" evidence, and we have no means for determining whether the matters of evidence raised by K.W. in her points relied on have any merit. The burden was on K.W. to compile and to file a transcript—Rule 81.12(c) and (d)—and she did not do so. Having no means for reviewing her claims on appeal, we dismiss her appeal. *Faith Baptist Church of Berkeley, Inc. v. Heffner*, 956 S.W.2d 425, 426 (Mo.App.1997).