34 S.W.3d 432 (2000)
In re the Interests of J.D., K.D. and Z.L.G.
Mike Waddle, Adair County Chief Juvenile Officer, and Missouri Department of Social Services, Division of Family Services, Respondents,
v.
L.D. (Natural Mother), Appellant, and
J.D.R. (Natural Father of Z.L.G.) and J.P.D. (Natural Father of J.D. and K.D.), Defendants.
No. WD 58610.
Missouri Court of Appeals, Western District.
December 26, 2000.
*433 Rickey R. Roberts, Kahoka, for respondent Juvenile Officer.
Roya Hough, Amy V. Woods, Jefferson City, for respondent DFS.
Seth D. Shumaker, Kirksville, for appellant.
Philip J. McIntosh, Kirksville, Guardian ad litem.
Before ULRICH, P.J., and ELLIS and EDWIN H. SMITH, JJ.
EDWIN H. SMITH, Judge.
L.D. appeals from the judgment of the Circuit Court of Adair County, Juvenile Division, terminating her parental rights to her three minor children, J.D., K.D., and Z.L.G., and the order denying her post-trial motion for appointment of appellate counsel.
The appellant raises two points on appeal. In Point I, she claims that the juvenile court erred in denying her motion to appoint trial counsel in her termination of parental rights action because the court was required to appoint trial counsel for her under § 211.462.2[1] in that she demonstrated that she was financially unable to employ her own. In Point II, she makes the same claim of error that she raises in Point I, except with respect to her post-trial motion to appoint appellate counsel.
We dismiss.

Facts
On June 28, 1999, the respondent, Mike Waddle, the Chief Juvenile Officer of Adair County, filed the necessary petitions to terminate the parental rights of the appellant and her husband with respect to their two children, J.D. and K.D. He also filed a petition to terminate the parental rights of the appellant as to Z.L.G. In all three petitions the respondent alleged, inter alia, that the children: (1) "ha[d] been in foster care for at least fifteen of the most recent twenty-two months," § 211.447.2(1), RSMo Supp.1998; (2) had been abused or neglected, § 211.447.4(2), RSMo Supp.1998; and (3) had been under the jurisdiction of the juvenile court for one year and that the parents had failed to rectify the conditions which led to the court's taking jurisdiction, § 211.447.4(3), RSMo Supp.1998.
On July 28, 1999, the appellant's then trial counsel filed a motion to appoint him as trial counsel for the appellant and her husband pursuant to § 211.462.2. At the scheduled hearing on the motion on August 30, 1999, the motion was withdrawn.
On December 23, 1999, appellant's trial counsel filed a written request for leave to withdraw as counsel, with notice to the appellant. On January 5, 2000, the court took up the motion and granted it. The appellant did not appear to oppose the motion. A copy of the court's order allowing trial counsel to withdraw was sent by certified mail to the appellant on January 7, 2000.
On February 14, 2000, the day of trial, the appellant and her husband appeared *434 pro se and made an oral motion for the juvenile court to appoint trial counsel, which was heard and overruled. The case proceeded to trial. On March 28, 2000, the juvenile court entered its judgment terminating the appellant's parental rights to J.D., K.D., and Z.L.G., and her husband's rights to J.D. and K.D., having found by clear, cogent, and convincing evidence that the allegations of the petitions to terminate their parental rights were true, and that the best interests of the children would be served by termination.
On April 27, 2000, the appellant filed a "Petition to Proceed in Forma Pauperis and Motion for Appointment of Counsel." The petition and motion were amended on May 9, 2000, and were heard on May 17, 2000, and taken under advisement. On June 1, 2000, the juvenile court entered its order denying the amended petition and motion, finding that the appellant was not indigent and was financially able to employ appellate counsel.
This appeal follows.

Standard of Review
The standard of review in termination of parental rights proceedings requires that we sustain the judgment of the juvenile court unless it is supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. In re S.L.B., 964 S.W.2d 504, 506 (Mo.App.1998) (citing In Interest of M.R., 894 S.W.2d 193, 195 (Mo.App. 1995)). We consider the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's judgment and disregard all evidence and inferences to the contrary. H.W.S. v. C.T., 827 S.W.2d 237, 240 (Mo.App.1992) (citations omitted).

I.
In Point I, the appellant claims that the trial court erred in denying her motion to appoint trial counsel in the termination of parental rights action below because the court was required to appoint trial counsel for her under § 211.462.2 in that she demonstrated that she was financially unable to employ her own. Because the appellant has failed to provide us with a transcript of the proceedings below, necessary to establish her claim in Point I, we are unable to review it on the merits.
Section 211.462.2, governing, inter alia, the appointment of counsel in termination of parental rights cases, provides that:
The parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision shall be contained in the summons. When the parent is a minor or incompetent the court shall appoint a guardian ad litem to represent such parent.
Proceedings to terminate parental rights are of the utmost gravity, and the terms of the statute must be strictly applied. In the Interest of W.F.J., 648 S.W.2d 210, 214 (Mo.App.1983). Failure to appoint counsel to represent the parents or to obtain an affirmative waiver of that right has been held to be a reversible error. B.L.E. v. Elmore, 723 S.W.2d 917, 920 (Mo.App. 1987). However, the right to counsel under this statute is not absolute. In the Interest of K.D.H., 871 S.W.2d 651, 654 (Mo.App.1994). Section 211.462.2 only requires the court to appoint counsel if the parent requests it and shows that he or she is financially unable to employ counsel. In Interest of K.L., 972 S.W.2d 456, 461 (Mo.App.1998).
The appellant, along with her husband, initially hired private counsel to represent them in the termination of parental rights action. Thereafter, their private counsel filed a motion to appoint counsel on July 28, 1999, which the juvenile court's docket entry of August 30, 1999, shows was withdrawn on that date. The appellant's counsel thereafter filed a motion to withdraw, which was granted on January 5, 2000, *435 after notice to the appellant thereof and a hearing thereon, which hearing the appellant and her husband did not attend. Along with her husband, the appellant appeared pro se on the day of trial, February 14, 2000, and made an oral motion for appointment of counsel, which was denied. In denying the motion, the juvenile court found in its judgment entry that:
the mother and father previously retained private counsel to represent them in this matter and, through said private attorney, previously moved for the appointment of counsel, and that the Court, upon hearing, found that the mother and father were not indigent and had the financial ability to retain private counsel, and overruled said motion. No additional evidence was presented to establish a change in the financial status of the mother and father to support their contention that they were indigent at the time of this hearing and, thus, entitled to the appointment of counsel and, pursuant to Section 211.462.2 RSMo, the oral motion for the appointment of counsel was overruled.
This finding is at odds with the court's docket entry of August 30, 1999, that the prior motion for appointment of counsel was withdrawn and was not ruled upon. Although this discrepancy leaves us perplexed as to the actual disposition of the appellant's prior written motion for appointment of counsel, it is clear from the record before us that, at some time, the juvenile court heard evidence and determined that the appellant was financially able to employ counsel. As to what evidence was adduced by the appellant in an attempt to show that she was financially unable to employ counsel, the record on appeal is silent in that the appellant's appellate counsel failed to file a transcript of the proceeding at which the appellant's motion was heard and ruled upon.
The appellant "has the duty to present a record that contains `all the evidence necessary for our making determinations in the issues raised.'" State ex rel. Callahan v. Collins, 978 S.W.2d 471, 474 (Mo.App.1998) (citation omitted); see Rule 81.12(c) Missouri Rules of Civil Procedure (2000). We are bound by the record on appeal and cannot speculate as to what evidence may have been presented below which is not reflected by the record. Call v. Heard, 925 S.W.2d 840, 846 (Mo. banc 1996). "`If [a] matter complained of is not present in the record, there is nothing for this court to review.'" Callahan, 978 S.W.2d at 474 (citation omitted).
Here, because no transcript of the hearing on the motion to appoint trial counsel was filed by the appellant on appeal, we have no way of determining whether the juvenile court abused its discretion in overruling her oral motion for appointment of trial counsel pursuant to § 211.462.2 based on the evidence that was before it on that issue. Hence, having no means for reviewing the appellant's claim in Point I, we dismiss her appeal thereon. In Interest of M.W., 8 S.W.3d 892, 893 (Mo.App.2000).

II.
In Point II, the appellant makes the same claim of error that she makes in Point I, except with respect to her post-trial motion to appoint appellate counsel. Even assuming, without deciding, that § 211.462.2 speaks to the appointment of appellate counsel in termination of parental rights cases, as well as trial counsel, the appellant's second point suffers from the same malady as does her first and must suffer the same fate.
Like our review in Point I, our review in Point II is to determine whether the juvenile court abused its discretion in finding that the appellant was financially able to employ private counsel and overruling her post-trial motion based on the evidence presented. In this regard, the appellant's motion for appellate counsel was heard on May 17, 2000, and overruled on June 1, 2000. There was no transcript of the hearing filed by the appellant on appeal. As such, we have no way of determining whether the juvenile court abused its discretion *436 in overruling the appellant's post-trial motion for appointment of appellate counsel pursuant to § 211.462.2 based on the evidence that was before it on that issue. Having no means for reviewing the appellant's claim in Point II, we must dismiss her appeal thereon. In Interest of M.W., 8 S.W.3d at 893.

Conclusion
The appellant's appeal of the judgment of the juvenile court terminating her parental rights to her minor children, J.D., K.D., and Z.L.G., and the order of the court denying her motion for appointment of appellate counsel is dismissed.
ULRICH, P.J., and ELLIS, J., concur.
NOTES
[1] All statutory references are to RSMo 1994, unless otherwise indicated.