**Lawrence and Pamela HOLDER, Appellants,**

**v.**

**Robert and Sharon SCHENHERR, Respondents.**

**No. WD 58932.**

Missouri Court of Appeals, Western District.

Sept. 25, 2001.

Robert L. Desselle, Independence, MO, Attorney for Appellant.

Gabriel A. Domjan, Independence, MO, Attorney for Respondent.

Before SPINDEN, C.J., SMART and HARDWICK, JJ.

HARDWICK, Judge.

This case involves a claim of fraudulent misrepresentation during the sale of a home. A jury found in favor of the sellers and against the purchasers, who now appeal. Appellants assert the trial court erred in rejecting a proffered jury instruction that was supported by substantial evidence. We dismiss the appeal as a result of Appellants' failure to file a trial transcript with the appellate record.

**Factual and Procedural Background**

The pleadings contained in the legal file indicate the following factual and procedural history:

On May 4, 1993, Appellants Lawrence and Pamela Holder entered into a contract to purchase a home from Robert and Sharon Schenherr. The contract incorporated a Seller's Disclosure Statement regarding known defects in the home. After closing on the contract, the Holders discovered defects in the home which they claim the Schenherrs knew or should have known about but failed to disclose.

On December 4, 1997, the Holders filed a Petition for Damages in the Jackson County Circuit Court, alleging that the Schenherrs made false representations in the Seller's Disclosure Statement. A jury trial was held on March 27–31, 2000. The jury found in favor of the Schenherrs and against the Holders on the false representation claim.

The trial court entered judgment for the Schenherrs on April 18, 2000. The Holders filed a Motion for New Trial on May 18, 2000. The trial court did not rule on the Motion and, thus, the judgment became final on August 16, 2000. The Holders filed a timely Notice of Appeal on August 18, 2000.

**Issue on Appeal**

The Holders' sole argument on appeal is that the trial court erred in rejecting their proposed Jury Instruction "A". Instead of the Holders' proffered instruction, the court gave Instruction 6. The text of both instructions was identical, except that the rejected instruction contained the two additional paragraphs shown in *italics*.

Your verdict must be for plaintiffs if you believe:

First, either:

Defendant Schenherrs represented that plaintiffs residence had no water leakage at the time the real estate contract was signed, or

Defendant Schenherrs represented that there were no known septic tank problems, or

Defendant Schenherrs represented that there was no unrepaired termite damage, or

*Defendant Schenherrs represented that there was* [sic] *no drainage problems, or*

*Defendant Schenherrs represented to plaintiffs that there were no other facts or information relating to the property that would be or [sic] concern to a buyer, and*

Second, the representation in any one or more of the respects submitted in Paragraph first was false, and

Third, defendants knew that it was false, and

Fourth, the representation was material to the purchase by plaintiffs of the residence, and

Fifth, plaintiffs relied on the representation in making the purchase, and in so relying plaintiffs used the degree of care that would have been reasonable in plaintiff's (sic) situation, and

Sixth, as a direct result of such representation the plaintiffs were damaged.

The Schenherrs argue, in Respondent's Brief, that the trial court refused to give the instruction as proposed by the Holders because there was insufficient evidence to support the italicized language. Appellants contend they presented evidence at trial to show the Schenherrs made representations both about the absence of drainage problems and that there were no other property related facts or information about which the buyer might be concerned. Based on this evidence, Appellants argue the trial court confused, misdirected and misled the jury when it gave Instruction 6 instead of their proposed Instruction "A".

### Standard of Review

■ A jury instruction must be supported by substantial evidence which, if true, is probative and from which the jury can reasonably decide the case. *Doe v. Alpha Therapeutic Corp.,* 3 S.W.3d 404, 419 (Mo.App. E.D.1999). In determining whether substantial evidence exists, we re-view the evidence and inferences in a light most favorable to the party tendering the instruction. *Van Volkenburgh v. McBride,* 2 S.W.3d 814, 821 (Mo.App. W.D.1999). To obtain reversal of a jury verdict on grounds of instructional error, Appellants must show that: 1) the offending instruction misdirected, misled or confused the jury, and 2) prejudice resulted from the error. *Id.* The burden of proof rests with the party alleging error. *Id.*

### Analysis

■ Appellants argue the trial court erred in refusing to give Instruction "A" because substantial evidence was presented at trial to support this instruction. Appellants' brief refers to testimony given at trial, but the record on appeal does not include any of the trial transcript. This omission is fatal, as it precludes our review of the jury instruction error alleged. *In the Interest of M.W.,* 8 S.W.3d 892, 893 (Mo.App. W.D.2000).

■ Rule 81.12[1] requires that the record on appeal contain a copy of the trial transcript and a legal file sufficient for the appellate court to make a determination of the issues raised. *Environmental Quality Research, Inc. v. Mercantile Trust,* 854 S.W.2d 500, 501 (Mo.App. E.D.1993). The burden was on Appellants to comply with this Rule, and they failed to do so. *In the Interest of M.W.,* 8 S.W.3d at 893. The burden falls heavily in this case, where Appellants claim a factual basis for their proposed jury instruction but offer this Court nothing to prove it. Without a transcript, we have no means to determine whether there was substantial evidence to support the proposed instruction. We therefore dismiss the appeal based on Ap-

---

1. All rule citations are to the Missouri Rules of Civil Procedure (2001).

pellants' failure to provide a complete record, in violation of Rule 81.12.

All concur.