STATE of Missouri, ex rel., Kenzi BAC-
  CHUS, By and Through Her Next
  Friend Kenyatte Bacchus, and Ken-
  yatte Bacchus, Individually, Respon-
  dent,

v.

Reginald ARMSTRONG, Appellant.

No. WD 61540.

Missouri Court of Appeals,
Western District.

June 17, 2003.

Geroge A. Wheeler, Kansas City, MO, Attorney for Appellant.

Karon D. Ramsey, Kansas City, MO, Attorney for Respondent.

Before: LOWENSTEIN, P.J., SMART and SMITH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Reginald Armstrong appeals the judgment of the trial court denying his motion to modify child support. Armstrong contends that the trial court erred in failing to consider other administratively ordered child support being paid. Because Armstrong has failed to file a transcript, this court cannot adequately address Armstrong's allegation of errors. Appeal dismissed.

## Statement of Facts

As no transcript was filed in this case by the appellant, the facts are gleaned from the documents contained in the legal file. In November 2000, Reginald Armstrong was determined to be the presumed father of Kenzi Bacchus. He was ordered to pay $562 per month in child support beginning in January 2001. In addition, he was ordered to pay $3,653 in retroactive child support, to be paid at $25 per month. In June 2001, Armstrong filed a motion to modify child support, motion for parenting plan, and order of visitation, in which he requested a reduction in child support. He alleged that his income had changed, that he was supporting two other children, and the amount of child support was unjust and unreasonable.

Armstrong prepared a Form 14 showing a credit of $437 per month in child support being paid by separate order with respect to two other children. The presumed amount of child support based upon his calculations was $265. The child's mother, Kenyatte Bacchus, also prepared a Form 14 showing an increase in Armstrong's income since the previous order, omitting the child support awarded based upon the separate order, and including additional child-rearing costs of $272 per month. The presumed amount of child support based upon Bacchus' calculations was $534.

Following a bench trial, the trial court entered its judgment denying Armstrong's motion and finding that there had been no change of circumstances.[1] The court found that Armstrong's testimony revealed that he was earning more money at the time of trial than when the prior order was entered. The court also noted that no evidence was presented indicating that Armstrong was paying support ordered under the separate order for his two other children; and thus, he was not entitled to a credit for that amount.

## Standard of Review

This court's review of a case tried without a jury is governed by the princi-

---

1. Armstrong did not request findings of fact and conclusions of law.

ples of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). This court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

### Argument

Armstrong's point on appeal reads:

The trial court erred in denying Respondent's motion to modify to reduce child support because exhibits were offered and received into evidence that proved that adjustments in Section 2 of the child support amount calculation work sheet were appropriate in that the failure of the trial court to consider other administratively ordered child support being paid was an abuse of discretion.

In both his brief and reply brief, Armstrong's allegation of error concerns the rejection of both his Form 14 and the Form 14 submitted by Bacchus and the failure of the trial court to create its own Form 14.

▮▮ Modification of child support is governed by Section 452.370 [2]. *See Brown v. Brown*, 19 S.W.3d 717, 724 (Mo.App. 2000). The party seeking a modification of child support has the burden of showing a change in circumstances pursuant to Section 452.370. *Crotty v. Kline*, 947 S.W.2d 121, 123 (Mo.App.1997). Under Section 452.370, a prima facie showing of a change in circumstances warranting modification can be made by establishing a twenty percent or more change in the presumed child support since the prior order. *See Gibson v. Gibson*, 946 S.W.2d 6, 9 (Mo.App.1997). To determine whether the twenty percent threshold has been met and to calculate what the presumed child support would be

requires the preparation of a Form 14. *See id.*

▮▮ Key to this court's review is the evidence presented to the trial court concerning a change in circumstance that would warrant a modification of the child support. Armstrong has failed to file a transcript. Rule 81.12(a) provides that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented[.]" An appellant is required to file a transcript and legal file "so that the record contains all the evidence necessary to determine the questions presented to this court to decide." *Buford v. Mello*, 40 S.W.3d 400, 402 (Mo. App.2001). This court cannot speculate as to what the evidence may have been. *In re J.D.*, 34 S.W.3d 432, 435 (Mo.App.2000). Failure to provide a transcript may result in dismissal of the appeal. *See id.*

Without the transcript, this court cannot address Armstrong's claim that the trial court rejected both his and Bacchus' Form 14, especially since findings of fact and conclusions of law were not requested in this case. Without the support of the record, this court could only speculate as to what occurred at trial with respect to the evidence presented concerning both Form 14s. Contrary to Armstrong's assertion, this court could just as easily assume that the trial court *did accept* Bacchus' Form 14, which did not establish a sufficient change in circumstance. It would be just as improper for this court to make this assumption as it would be to accept Armstrong's assertion that the court did not accept either Form 14 without evidence to support his assertion. Further, while Armstrong argues that his Form 14 sub-

[2]. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

mitted to the court presented evidence that established a presumed amount of $260, this court may not consider his mere assertion of a presumed amount without knowing the testimony offered with respect to those exhibits.[3] *See Id.* This is true for other exhibits as well. Without the transcript to show what evidence was presented to the trial court, this court cannot make a determination of error.

Appeal dismissed. Respondent's motion for sanctions under Rule 84.19 is denied.

All concur.

---

**3.** In fact, the answers to interrogatories contained in the legal file shows a higher income than was included in his Form 14, as was found by the trial court.