**In re K.L.T., a minor child Deborah Wilkinson and Todd Wilkinson, Respondents**

v.

**Gregory C. Thornton, Appellant.**

**No. 28504.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 5, 2007.

Randy S. Anglen, Branson, MO, for appellant.

William McCullah, Forsyth, MO, for respondents.

Before PARRISH, P.J., BATES and SCOTT, JJ.

PER CURIAM.

This is an action for termination of parental rights and adoption filed by Deborah Wilkinson (mother) and Todd Wilkinson (stepfather). The trial court entered a judgment which terminated the parental rights of Gregory Thornton (father) to K.L.T. and allowed her adoption by stepfather. Father appeals. We reverse and remand.

Father and mother married in 1994, and K.L.T. was born of this union in 1995. At the time of their divorce in April of 2004, father was incarcerated in a federal penitentiary in Oklahoma; thus, mother was granted sole legal and sole physical custody of K.L.T. Mother and stepfather had been dating since 2001 and married on June 6, 2004.

On August 15, 2005, mother and stepfather filed a "Petition for Adoption and for Termination of Parental Rights."[1] On August 23, father was served with a copy of the petition while incarcerated in the federal penitentiary in Oklahoma. On August 29, father filed a document with the court requesting that the court appoint counsel for him as he was financially unable to afford an attorney.[2] The trial court failed to take any action on father's request for counsel and held a trial in his absence despite father's requests to postpone the case until he could appear in person. As noted above, the trial court entered a judgment terminating father's parental rights to K.L.T. and approving her adoption by stepfather.

■ After father filed his notice of appeal *pro se*, this court ordered the trial court to appoint counsel for father if it determined that he was financially unable to employ counsel. On July 13, 2007, counsel was appointed. The record on appeal was filed on September 5, 2007, and father filed his brief on October 19. As one allegation of error, father contends that

---

1. On October 24, 2005, mother and stepfather filed their first amended petition upon which the action was tried. Section 453.040(8), RSMo 2000, provides that a "petition for termination [of parental rights] may be filed as a count in an adoption petition" when said petition is based on "any of the grounds set forth in section 211.447." All statutory references are to RSMo 2000 unless otherwise stated.

2. Both the adoption statutes and the termination of parental rights statutes provide for the right to counsel. *See* § 453.030.12, RSMo Cum.Supp.2006, and §§ 211.211 and 211.462.2.

the trial court denied him "due process" when it failed to appoint counsel or allow him "an opportunity to appear in Court." Mother and stepfather concede such error and agree that the judgment should be reversed and the case remanded for a new trial.

 We have reviewed the record and find that the parties are correct that the trial court committed reversible error when it failed to appoint counsel for father. When the termination of parental rights is involved, a parent "shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court." § 211.462.2. "Due to the seriousness of a proceeding to terminate parental rights, the terms of section 211.462.2 are to be strictly applied." *In re P.D.,* 144 S.W.3d 907, 912 (Mo.App.2004). "Failure to appoint counsel to represent the parents or to obtain an affirmative waiver of that right has been held to be a reversible error."[3] *In re J.D.,* 34 S.W.3d 432, 434 (Mo.App.2000).

In this case, father clearly requested that the trial court appoint counsel, claiming he was financially unable to do so. The trial court failed to appoint counsel or obtain an affirmative waiver of father's right. As such, the judgment must be reversed and the case remanded for a new trial. *Id.*

After examining the record and considering the parties' agreement that the trial court committed reversible error, we find that further briefing in this case is unnecessary, and a decision at this juncture will promote judicial economy, as well as save time and expense for the parties. *See e.g.,*

*Edgar v. Beebe,* 207 S.W.3d 235, 236 (Mo. App.2006); *Hall v. Hall,* 198 S.W.3d 170, 171–172 (Mo.App.2006). The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

---

**3.** The right to counsel is not absolute. The statute requires the court to appoint counsel when the parent requests an attorney *and* shows that he or she is financially unable to employ counsel. *J.D.,* 34 S.W.3d at 434. Thus, an incarcerated person is not automatically and necessarily entitled to such an appointment based solely on the fact of incarceration. Here, however, the facts and the admissions of the parties demonstrate that father was financially unable to employ counsel.